NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2015[*]
Decided May 11, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-1672

| | |
|---|---|
| THELMA BROWN, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 9538 |
| LAKHANI HOSPITALITY, <br>     *Defendant-Appellee*. | Milton I. Shadur, <br> *Judge*. |

### O R D E R

Thelma Brown turned 59 while working for Lakhani Hospitality, which operates a hotel in Skokie, Illinois. After she was fired from that job, Brown sued the company under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634. The district court granted summary judgment for Lakhani, and Brown appeals. We dismiss the appeal.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

We construe the evidence and reasonable inferences in the light most favorable to Brown. *See Carter v. Chi. State Univ.*, 778 F.3d 651, 657 (7th Cir. 2015). Brown began working as a part-time clerk at the Skokie hotel in April 2011. She was promoted to the position of part-time night auditor in July. A few months later, Brown told an upset guest that the manager on duty was in the hotel bar, and the manager became upset that Brown had sent a guest looking for him in the bar. That manager later refused Brown's request to work an extra shift and hired another applicant to fill an opening for a full-time night auditor. Then in February 2012 a different manager warned Brown about inappropriate job behavior, including sleeping during shifts, stealing food from the kitchen, and billing guests incorrectly. The next month a third manager reprimanded Brown for making several mistakes while checking in guests. The final straw came a few weeks later when a frequent guest contacted the hotel to complain that Brown had disrespected him. The corporate director of operations reviewed the guest's complaint, as well as Brown's other recent issues, and decided to fire her that April.

Meanwhile, in December 2011, Brown had submitted a charge of age discrimination to the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, and she amended that charge in March 2012. The last acts of discrimination identified in that charge occurred in December 2011 when, Brown says, Lakhani hired a "younger person" to fill the position of full-time night auditor. Before that, according to Brown's administrative charge, hotel managers had harassed her by yelling and limiting her work schedule to 16 hours per week. After receiving a right-to-sue letter in September 2012, Brown filed this lawsuit claiming that, because of her age, she was subjected to a hostile work environment and ultimately fired.

In granting summary judgment for Lakhani, the district court observed that Brown's submissions do not comply with Local Rule 56.1 but still used a "generous lens" to evaluate them. The court concluded, though, that Brown had not exhausted her administrative remedies on the wrongful-termination claim, given that her amended EEOC charge had been submitted *before* she was fired. And, the court continued, Brown lacks evidence from which a jury reasonably could infer that she was harassed on account of age. In fact, the court added, Brown had admitted in her deposition that personality clashes, not her age, had prompted the alleged harassment.

On appeal, Brown repeats her presentation to the district court before asking us to "reevaluate" the court's ruling. She maintains that she, as "the oldest one" working for Lakhani, "was treated less favorably" by management and scheduled for fewer hours. But her appellate brief does not include any argument critical of the district court's

decision. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Lakhani confronted Brown with this failure to comply with Federal Rule of Appellate Procedure 28(a)(8)(A)—requiring an appellant's brief to contain her "contentions and the reasons for them"—prompting Brown to concede in her reply brief that she has been unable to construct "useful counterarguments" to the court's ruling. Although we construe pro se filings liberally, even pro se litigants must follow procedural rules, *see McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), and Brown's briefs present us with no developed appellate claim to review, *see Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014).

DISMISSED.